# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE PANTONE,<br><br>                    Plaintiff,<br><br>    v.<br><br>100% SPEEDLAB, LLC; SAULE, LLC; and DOES 1-10,<br><br>                    Defendants. | Case No. 25-cv-1490-BAS-SBC<br><br>**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME (ECF No. 5)** |

Plaintiff files an Unopposed Motion to Extend Time for Defendants to Respond to Complaint on Defendants' behalf. (ECF No. 5.) Defendants have not yet responded to Plaintiff's Complaint in this case although Plaintiff served Defendants on June 12, 2025. (ECF Nos. 3, 4.) Accordingly, Defendants' deadline to respond to the Complaint passed on July 3, 2025. *See* Fed. R. Civ. P. 12(a) (requiring a response to a complaint be served within twenty-one (21) days of service of the summons and complaint).

Plaintiff files the instant motion, arguing good cause exists for extending Defendants' deadline to respond on the grounds that "Defendants' principal only recently returned from vacation in Hawaii and thus has only recently been able to seek legal counsel regarding the Complaint." (ECF No. 5 at 2.) First—good cause is not the standard here. The standard is excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). When a party moves for an

extension once a deadline has passed, that party must show they "failed to act because of excusable neglect." *Id.*; *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (laying out the four factors for determining excusable neglect as "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith" (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). Second, Defendants make no such showing here. Instead, they request Plaintiff make the motion on their behalf seven days *after* the deadline to respond has already passed, citing a vacation as the cause of their tardiness. (ECF No. 5 at 2.)

Court deadlines are serious affairs. The Court finds it difficult to understand how one person of two companies being on vacation precluded Defendants from obtaining counsel and responding to the lawsuit in a timely fashion, or at least requesting an extension before the deadline to respond passed. Defendants make no showing to meet the standard for excusable neglect—they do not, for example, state that their principal is the only employee of either or both of Defendants; that there was no way for the principal to get in contact with anyone while the principal was on vacation; or that the principal, as the only employee of either LLC, only learned about the lawsuit upon returning from the vacation three days ago.

Although the third *Pioneer* factor, the reason for the delay, weighs heavily against granting an extension, at least two other *Pioneer* factors counsel granting the request. Plaintiff's counsel represents Plaintiff will suffer no prejudice by the grant of an extension (ECF No. 5 at 2), and the length of the delay will ultimately be no more than eighteen days. Further, if the Court refused the extension, it would prevent Defendants from defending themselves in this action. Because the interest of justice weighs heavily in favor of granting some sort of extension, the Court **GRANTS IN PART** Plaintiff's Motion to extend Defendants' deadline to respond. Defendants are **ORDERED** to respond to Plaintiff's Complaint **no later than July 21, 2025**.

**DEFENDANTS ARE WARNED** that any future requests to extend deadlines **must meet the required standards to make a showing** to have any future extension granted.

IT IS SO ORDERED.

DATED: July 11, 2025

*Cynthia Bashant*
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**